Hon.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDEN FOODS, INC., a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDEN'S ORGANICS, LLC d/b/a EATIN' ORGANICS, LLC, a Washington limited liability company; DANIEL PIECORA, JR.; and MATTHEW ALBERTSON,<br><br>Defendants. | No. 2:10-CV-2055<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES<br><br>**JURY DEMAND** |

Plaintiff Eden Foods, Inc. ("Plaintiff"), for its Complaint against the Defendants Eden's Organics, LLC d/b/a Eatin' Organics, LLC; Daniel Piecora; and Matthew Albertson (collectively, "Defendants"), states and alleges as follows:

This is an action for trademark infringement and unfair and deceptive trade practices arising under Sections 32(1), 39, and 43(a) of the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1114(1), 1121 and 1125(a), 1051 *et seq.* (the "Lanham Act") and related state law.

**I.  PARTIES**

1.1     Plaintiff Eden Foods, Inc. ("Plaintiff") is a corporation duly organized and existing under the laws of the State of Michigan, with principal offices located at 701 Tecumseh Road, Clinton, Michigan 49236.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1.2     On information and belief, Defendant Eden's Organics, LLC ("Eden's Organics") is a corporation organized under the laws of the State of Washington, with offices located at 19805 34th Dr. SE, Bothell, Washington 98012 and/or 19933 34th Dr SE, Bothell, WA 98012.  Although, on information and belief, Eden's Organics became an inactive corporation in or about June 1, 2009, it continued to operate through and including at least October 2010.

1.3     On information and belief, Eatin' Organics, LLC ("Eatin' Organics") is an alter ego of Eden's Organics.  Although the name appears on Defendants' website, Plaintiff has found no record of such a corporation being registered with the State of Washington, Secretary of State, Corporations Division.

1.4     On information and belief, Defendant Daniel Piecora, Jr. is an owner, officer and the registered agent for Defendant Eden's Organics d/b/a Eatin' Organics, and is an alter ego for the Eden's Organics/Eatin' Organics company.  Defendant Piecora is the Administrative and Technical Contact for the website at Uniform Record Locator ("URL") <edensorganicsonline.com>.  On information and belief, Defendant Piecora's residence is 19805 34th Dr. SE, Bothell, WA 98012.

1.5     On information and belief, Defendant Matthew Albertson is an owner and officer for Defendant Eden's Organics d/b/a Eatin' Organics, and is an alter ego for the Eden's Organics/Eatin' Organics company.  Defendant Albertson is the Administrative and Technical Contact for the website at URL <eatinorganics.com>.  On information and belief, Defendant Albertson's residence is 19933 34th Dr. SE, Bothell, WA 98012.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## II. JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.  Venue is predicated on 28 U.S.C. § 1391(b)(1) and (2).  Those causes which arise under state law are pendent or ancillary causes under 28 U.S.C. § 1338(b) and §1367(a), in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.2   On information and belief, the Defendants named herein transact business, have agents, maintain at least one office, and/or are otherwise found within the Western District of Washington and are within the jurisdiction of this Court for purpose of service.  The unlawful acts committed by the Defendants, as hereinafter alleged, have been and are, in whole or in part, conceived, carried out and made effective within the Western District of Washington.  The interstate trade and commerce described hereinafter is carried out in part within this District.  Thus, venue is proper in this District under 28 U.S.C. § 1391(b) and (d).

## III. FACTS

3.1   Plaintiff is a leading producer of natural and organic food and beverage products sold under a variety of trademarks consisting in whole or part of the brand name EDEN.

3.2   Plaintiff is the oldest natural and organic food company in North America and the largest independent manufacturer of dry grocery organic foods.

3.3   Plaintiff adopted and commenced use of EDEN as a trademark in connection with food and beverage products in the 1960s and has used the EDEN name as a trademark continuously and without interruption to the present day.

3.4   Plaintiff buys all food from, and pays farms directly, in a sustainable way. Most food comprising Plaintiff's products is grown a few miles to a few hundred miles

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 3

LAW OFFICES OF
M<small>C</small>N<small>AUL</small> E<small>BEL</small> N<small>AWROT</small> & H<small>ELGREN</small> <small>PLLC</small>
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

from Plaintiff's home base in Michigan. Approximately 62 percent of Plaintiff's food products are organically grown on more than 325 family farms located in North America.

3.5     Plaintiff has been a certified organic processor/manufacturer by The Organic Crop Improvement Association for over a decade. Approximately 67 percent of Plaintiff's food products are double certified organic, both by United States Department of Agriculture ("USDA") National Organic Program ("NOP") certifiers and by Plaintiff's Chairman and President, Michael Potter.

3.5     Plaintiff's EDEN brand products are sold throughout the United States through virtually all types of merchandising outlets, including, but not limited to, national and regional supermarket chains such as Whole Foods, local independent grocery stores, food cooperatives, health food stores, natural foods stores, convenience stores and department stores. Plaintiff's products distributed under the EDEN name, including EDEN ORGANIC, are distributed throughout the greater Seattle area, including the communities of Bellevue, Bothell, Duvall, Edmonds, Everett, Issaquah, Kirkland, Lynnwood, North Bend, Redmond, Renton, Seattle and Woodinville.

3.6     Plaintiff's EDEN brand products also are available through mail order outlets and via the Internet at Plaintiff's website found at URL <edenfoods.com>, as well as through leading on-line retailers. Plaintiff's EDEN brand products are sold to local, regional and national distributors for resale to retail outlets; to institutional purchasers; directly to retail outlets for resale to ultimate consumers; and directly to ultimate consumers.

3.7     Over the years, Plaintiff has developed a family of EDEN marks, including EDEN, EDEN FOODS, and EDEN ORGANICS (collectively the "EDEN Marks").

3.8     Plaintiff's EDEN ORGANICS mark appears on a full line of food products including, but not limited to, dried fruits, rice, beans, tomatoes, spaghetti sauce, sauerkraut, whole grains, condiments, sweeteners, and canned chili.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3.9     Plaintiff is the owner of all right, title and interest in the following federal registrations for the EDEN Marks, which presently are valid and subsisting in law, true and correct copies of which are attached as **Ex. 1**:

    a.     **Reg. No. 1,440,754—EDENSOY** for soybean based food beverages, registered on the Principal Register May 26, 1987.

    b.     **Reg. No. 1,452,337—EDEN** for pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, corn oil, olive oil, safflower oil, sesame oil; snack foods consisting of processed nuts, processed seeds and dried fruits; processed grains, namely, corn meal, soy flour, chickpea flour, barley flour, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and egg noodles, wheat and soy noodles, wheat and spinach noodles, wheat and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs; unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, mung beans, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas, split peas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; unprocessed sea vegetables, namely sea weed, registered on the Principal Register August 11, 1987.

    c.     **Reg. No. 1,862,634—EDEN** for vegetable oils, crushed tomatoes, sauerkraut, and processed canned beans; pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu; unprocessed grains; namely, barley, wheat and quinoa, registered on the Principal Register November 15, 1994.

    d.     **Reg. No. 1,918,958—EDENBLEND** for soybean and rice based food beverages, registered on the Principal Register September 12, 1995.

    e.     **Reg. No. 2,229,053—EDEN** for fruit butter, fruit sauce and fruit juices, registered on the Principal Register March 2, 1999.

    f.     **Reg. No. 2,272,652—EDEN ORGANIC & Design** for vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; vegetable chips; and dried fruits; tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; granola; unprocessed vegetables, unprocessed grains, unprocessed nuts and unprocessed edible seeds; fruit juices; beverage concentrates for use in making non alcoholic soft drinks, registered on the Principal Register August 24, 1999.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

      g.    **Reg. No. 2,326,024—EDENBALANCE** for a food supplement, namely, an orally ingested enzyme beneficial to human intestinal bacteria, registered on the Principal Register March 7, 2000.

      h.    **Reg. No. 2,360,206—EDEN** for food supplements, namely, orally ingested enzymes beneficial to human intestinal bacteria, registered on the Principal Register June 20, 2000.

      i.    **Reg. No. 2,396,738—EDEN RANCH** for food supplements - vitamins, minerals, food digestant aids in tablet form for human use, registered on the Principal Register October 24, 2000.

      j.    **Reg. No. 2,475,031—EDEN BIFA 15** for food supplements, namely, orally ingested enzymes beneficial to human intestinal bacteria, registered on the Principal Register August 7, 2001.

      k.    **Reg. No. 2,503,977—EDEN** for dietary food supplements, namely, edible kombu root seaweed, garlic balls and ume plum concentrate, registered on the Principal Register November 6, 2001.

      l.    **Reg. No. 2,583,453—EDENSOY LIGHT** for soybean based food beverage, registered on the Principal Register June 18, 2002.

      m.    **Reg. No. 2,905,671—EDENEWS** for newsletters in the field of food and food related topics, nutrition, health and diet, farming and agricultural and environmental issues, registered on the Principal Register November 30, 2004.

      n.    **Reg. No. 2,977,773—EDEN** for processed popcorn for popping, registered on the Principal Register July 26, 2005.

      o.    **Reg. No. 3,071,337—EDEN FOODS** for vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; vegetable chips and dried fruits; tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola; unprocessed fruits, unprocessed vegetables, unprocessed grains, unprocessed nuts and unprocessed edible seeds, registered on the Principal Register, March 21, 2006.

      p.    **Reg. No. 3,102,575—EDEN** for dried cherries, registered on the Principal Register, June 13, 2006.

    3.10    Those of the above-listed registrations which are more than five years old have become incontestable and are conclusive evidence of the validity of the registered mark, Plaintiff's ownership thereof and of Plaintiff's exclusive right to use the mark as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3.11    The strength of Plaintiff's EDEN Marks has been recognized by the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board ("the Board"), in the following two decisions:

      a.    *Eden Foods, Inc. v. Ficel Marketing Corp.*, Opposition No. 91/107,487 (June 28, 2000):  Eden successfully challenged registration of the designation EDAN VALLEY for a variety of food and beverage products.  The Board found EDEN strong in its field.
      b.    *Eden Foods, Inc. v. Thomas Brenkwitz, d/b/a Brenkwitz Farms*, Opposition No. 91/151,474 (June 16, 2005):  Eden successfully opposed registration of the designation EDEN GARDEN & Design for "fresh fruits."  In upholding the opposition, the Board recognized Eden's family of EDEN marks and again found EDEN strong and entitled to a broad scope of protection.

3.12    Based on Plaintiff's extensive, exclusive and continuous use of its EDEN Marks in connection with its goods and services, the EDEN Marks have come to be widely recognized among the consuming public as designators of origin with respect to Plaintiff's goods and services.

3.13    Plaintiff also provides information services in an array of fields, including, without limitation, organic foods.

3.14    Plaintiff extensively advertises and promotes its EDEN brand products and services through a variety of means, including in printed publications, distribution of printed promotional materials and via the Internet, including through such social networking sites as Facebook and Twitter.

3.15    Plaintiff and its EDEN brand products and services also are the subject of a great deal of gratuitous publicity.  For example, in 2009 Plaintiff was selected as the best food company in the world, and the third best company overall by *The Better World Shopping Guide*.  The *Guide* acknowledged Plaintiff's outstanding record in social and environmental responsibility and gave products distributed under the EDEN Marks "A" and "A+" grades in 10 food categories.

3.16    Based on Plaintiff's extensive, exclusive and continuous use of its EDEN Marks, including EDEN ORGANIC, the relevant consuming public has come to recognize

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    the EDEN Marks as being used by Plaintiff and to associate and identify the EDEN Marks
2    with Plaintiff.  Plaintiff has obtained and enjoys an exceedingly valuable reputation and
3    goodwill symbolized by the EDEN Marks.

4        3.17    Plaintiff has found that its products meet with immediate acceptance from
5    the general public based upon the EDEN Marks and their widespread reputation in the
6    organic foods market.  The EDEN Marks are recognized by consumers as indicating that
7    quality standards for organic foods have been met or exceeded.  The EDEN Marks,
8    including EDEN ORGANIC, are exceptionally valuable to Plaintiff because of the
9    goodwill and consumer recognition associated therewith.

10       3.18    Plaintiff's adoption and first use of EDEN precedes the date of first use of
11   the Defendants' use of EDEN'S ORGANICS and EATIN' ORGANICS by a significant
12   period of time—over four decades.

13   **DEFENDANTS' UNLAWFUL ACTIVITIES**

14       3.19    In or about September 2010, Plaintiff learned from one of its distributors
15   that Defendants were using the designation EDEN'S ORGANICS for a delivery service
16   for so-called organic fruits, vegetables, coffee, bread and beef in the Seattle, Washington
17   area.

18       3.20    The distributor, which distributed in areas including Washington state,
19   informed Plaintiff that the NOP organic certification of a company called "Eden's
20   Organic" located in Bellevue, Washington had been suspended in July 2010.  The
21   distributor expressed his concern that Defendants' use of EDEN'S ORGANICS would be
22   confused by the general public with Plaintiff and its products and services, and requested
23   assurances that Plaintiff's organic certification had not been suspended.

24       3.21    Shortly after contacting Plaintiff regarding the obvious potential for
25   confusion, the distributor received an inquiry from an individual who had become aware
26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
DECEPTIVE TRADE PRACTICES  (No. _____) –
Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1  of the NOP suspension of Defendant Eden's Organics, who inquired whether Defendant
2  was, or was related to, Plaintiff.

3      3.22    On information and belief, Defendants Piecora and Albertson organized
4  Defendant Eden's Organics, LLC on or about February 26, 2007.

5      3.23    On information and belief, Defendant Piecora registered the domain name
6  <edensorganicsonline> on or about January 2007.  This website was actively promoting
7  Defendants' organic foods delivery business on or before January 10, 2007.  A true and
8  correct copy of the website at URL <edensorganicsonline.com> is attached hereto as **Ex.**
9  **2**.

10      3.24    The products and services marketed by Defendants under the EDEN'S
11  ORGANICS designation are closely related to the products and services offered under
12  Eden's EDEN Marks, including but not limited to EDEN ORGANICS.

13      3.25    Defendants market their services and deliver products throughout the city
14  of Seattle and its surrounding communities—including Bellevue, Bothell, Duvall,
15  Edmonds, Everett, Issaquah, Kirkland, Lynnwood, North Bend, Redmond, Renton and
16  Woodinville—in direct competition with Plaintiff.

17      3.26    The designation EDEN'S ORGANICS so closely resembles Plaintiff's
18  EDEN Marks as to be likely, when applied to Defendants' goods and services, to cause
19  confusion, mistake and to deceive.

20      3.27    Any defect, objection or fault found with any product sold under the
21  designation EDEN'S ORGANICS would injure the exceedingly valuable reputation and
22  goodwill that Plaintiff has established for its products sold under its EDEN Marks.

23      3.28    On or about September 7, 2010, counsel for Plaintiff contacted Defendants
24  demanding that they cease and desist from all use of the EDEN Marks, including EDEN'S
25  ORGANICS.  This letter cited the confusion noted by Plaintiff's distributor regarding the
26  suspension of Defendants' NOP certification, and the fact that Plaintiff was required to

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
DECEPTIVE TRADE PRACTICES  (No. _____) –
Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

provide written assurances that its own organic certification remained active.  A true and correct copy of the letter from Christopher Kelly, counsel for Plaintiff, to Defendants Eden's Organics and Piecora is attached hereto as **Ex. 3** and incorporated by reference.

3.29   Over the succeeding months, counsel for Defendants represented to counsel for Plaintiff that Defendants were "selling" the business and ceasing use of the EDEN'S ORGANICS name.  Defendants' counsel further represented that the website located at URL <edensorganicsonline.com> would be terminated by November 1, 2010.

3.30   On November 1, 2010, counsel for Plaintiff checked the website <edensorganicsonline.com> and observed that the home page for the website was re-directed to <eatinorganics.com>.  A true and correct copy of the website at URL <eatinorganics.com> is attached hereto as **Ex. 4** and incorporated by reference.  The "deep" links to the site (*e.g.*, the secondary pages to the site) were still active.   A true and correct copy of certain "deep" links of the <edensorganicsonline.com> site that remained active are hereto as **Ex. 5**.

3.31   The content of the website at the new <eatinorganics.com> URL is almost identical to the original <edensorganicsonline.com>.  *Compare* **Exs. 2** and **4**.  The only noticeable difference is that the name EDEN'S ORGANICS had been changed to EATIN' ORGANICS in most places on the <eatinorganics.com> site; the name EDEN'S ORGANICS still appeared on the site in some places, however.  *See* **Ex. 4** at "How It Works" and "Storage Tips".

3.32   The contact phone number is the same on both websites, (800) 463-5602.

3.33   On September 23, 2010, Defendants promoted their "change of name" from EDEN'S ORGANICS on their EDEN'S ORGANICS Facebook page, http://www.facebook.com/album.php?profile=1&id=134824773198985#!/pages/Bellevue-WA/Edens-Organics/134824773198985?v=wall:

> We need your help for a new business name! As most of you know by now, we are unfortunately having to change our business name at the

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

> request of a company from the midwest, so we would like your ideas on creating the 'New' Organics company that you know and love. Just to reiterate, we are the same company, the same people and the same great product!!! So please lend us your thoughts on a new business name!

A true and correct copy of this Facebook page (accessed November 2, 2010) is attached hereto as **Ex. 6** and incorporated by reference.

      3.34    On or about October 14, 2010, Defendant Albertson registered the domain name <eatinorganics.com>, designating himself as the administrative and technical contact.

      3.35    On or about October 21, 2010, Defendants redirected the home page of the website located at URL <edensorganicsonline.com> to the new website, <eatinorganics.com>.  However, even today, certain "interior" pages of the <edensorganicsonline.com> website are still appearing on Google search results and are available and accessible by the public.

      3.36    On October 21, 2010, Defendants announced the change of name from EDEN'S ORGANICS to EATIN' ORGANICS on their Facebook page, and directed users to the new website:

> If you haven't already seen the website, or maybe you did but just didn't notice, we've changed our name!!! The new web address is www.EatinOrganics.com.

**Ex. 6**.

      3.37    On or about October 21, 2010, the logo on the EDEN'S ORGANICS Facebook page changed to show the new logo for EATIN' ORGANICS.

      3.38    On or about the same date, Defendants established their new Facebook page for EATIN' ORGANICS, www.facebook.com/album.php?profile=1&id=134824773198985#!/pages/Bellevue-WA/Eatin-Organics/163645016996691?v=wall.  A true and correct copy of this Facebook Page (accessed December 10, 2010) is attached hereto as **Ex. 7** and incorporated by reference.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 11

LAW OFFICES OF
M<small>C</small>N<small>AUL</small> E<small>BEL</small> N<small>AWROT</small> & H<small>ELGREN</small> PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3.39     Defendants posted a notification about the "change of name" from EDEN'S ORGANICS to EATIN' ORGANICS on this new Facebook page:

> As most everybody knows by now, Edens Organics has been unfortunately been forced to change it's name. Thankfully with the help of you our customers, we have been able come up with the new name, Eatin' Organics! Same produce, same people and same great service. Please visit www.EatinOrganics.com for your organic produce needs and to manage your account.

**Ex. 7**.

3.40     The contact phone number is the same on both Facebook pages, (800) 463-5602.

3.41     On November 4, 2010, the EDEN'S ORGANICS Facebook page provided the following "Important notice!":

> December 1st we are going to be shutting down THIS Facebook page and migrating over to the Eatin Organics page ... so please take this opportunity to Like US on our new page!

A true and correct copy of this Facebook Page (accessed December 2, 2010) is attached hereto as **Ex. 8** and incorporated by reference.

3.42     It is clear that Defendants did not "sell" their business to new owners, as represented by their counsel; rather, Defendants are merely operating under a new trade name, EATIN' ORGANICS.

3.43     The designations EDEN'S ORGANICS and EATIN' ORGANICS so closely resemble Plaintiffs' EDEN Marks as to be likely, when applied to Defendants' goods and services, to cause confusion, mistake and to deceive.

3.44     Any defect, objection or fault found with any product sold under the designations EDEN'S ORGANICS and/or EATIN' ORGANICS would injure the exceedingly valuable reputation and goodwill that Plaintiff has established for its products sold under its EDEN Marks.

3.45     Plaintiff has not authorized the uses by the Defendants of the EDEN marks.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 12

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3.46   Defendants' unauthorized use of one or more of the EDEN Marks is damaging Plaintiff's reputation and its rights in the EDEN Marks.  Defendant's actions are deliberate, in bad faith and taken with full knowledge that the Plaintiff is being damaged thereby.

3.47   Defendants' unauthorized use of the EDEN Marks falsely and deceptively creates the impression that the Defendants are affiliated with Plaintiff, that Defendants' products and services are of the standards required of Plaintiff's organic products and services, and that Defendants are associated with, sponsored or approved by Plaintiff.

3.48   On information and belief, although Defendants currently advertise that they sell "organic" products, Defendants are not presently certified organic handlers in accordance with RCW 15.86.030 or the NOP, and/or the products they sell are not certified organic. A true and correct copy of the USDA NOP suspension report nothing the suspension of Defendant Eden's Organics NOP certification is attached hereto as **Ex. 9** and incorporated by reference.

## IV.  FIRST CAUSE OF ACTION
### Trademark Infringement Under 15 U.S.C. § 1114

4.1   Plaintiff incorporates by reference the allegations contained in Paragraphs 1.1–1.5, 2.1–2.2, and 3.1–3.48 above.

4.2   Defendants' activities as stated herein are carried out in interstate commerce and affect the business activities of Plaintiff carried out in interstate commerce.

4.3   Defendants are offering substantially similar and related products and services to Plaintiff's products and services in interstate commerce.

4.4   On information and belief, Defendants and Plaintiff utilize, in the rendering of their products and services, substantially the same or similar channels of trade for advertising and promotional activities related to their endeavors.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

4.5     At the time Defendants adopted and began to use designations EDEN'S ORGANICS and EATIN' ORGANICS in connection with their services, Plaintiff possessed valid common law and federal statutory rights in its EDEN Marks.

4.6     Defendants, at the time they adopted and first used the EDEN Marks, were on constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Plaintiff's superior rights in its marks by reason of the existence, at that time, of Plaintiff's aforestated federal trademark registrations.

4.7     On information and belief, Defendants, at the time they adopted and first used the designations EDEN'S ORGANICS and EATIN' ORGANICS, had actual knowledge of and were on actual notice of Plaintiff's prior and superior rights in the EDEN Marks.

4.8     On information and belief, Defendants have, and at all times pertinent to this Complaint, had knowledge of, and intended to appropriate and capitalize upon, Plaintiff's reputation and the goodwill associated with the EDEN Marks.

4.9     Use by Defendants of one or more of the EDEN Marks is without the permission or authorization of Plaintiff.

4.10    Defendants' use of designations EDEN'S ORGANICS and EATIN' ORGANICS has caused and is likely to continue to cause confusion, mistake and deception among purchasers and the public, leading the public falsely to believe that Defendants' products and services are those of, are sponsored or approved by, or are in some way connected with Plaintiff.

4.11    Defendants' acts have had, for their objective, the willful misappropriation of Plaintiff's rights in its EDEN Marks and of the valuable goodwill of Plaintiff's businesses, thereby unlawfully benefitting Defendants.

4.12    Defendants' use of designations EDEN'S ORGANICS and EATIN' ORGANICS as described herein constitutes direct infringement of Plaintiff's EDEN

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 14

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

federal trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for which Plaintiff has no adequate remedy at law.

4.13   By such activity, Defendants have caused, are causing and will continue to cause actual damages and irreparable injury and harm to Plaintiff's business, reputation and goodwill, unless such activity by Defendants is enjoined.

4.14   In view of the blatant nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## V.  SECOND CAUSE OF ACTION
### Use of False and Misleading Description and Representation Under 15 U.S.C. § 1125(a)

5.1   Plaintiff incorporates by reference the allegations contained in Paragraphs 1.1–1.5, 2.1–2.2, 3.1–3.48, and 4.1–4.14 above.

5.2   Defendants' use of one or more of the EDEN Marks constitutes use in commerce, in connection with Defendants' goods or services of words, terms, names, symbols or devices and combinations thereof, and of false designations of origin, false and misleading description of fact, false or misleading representation of fact, which are likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities by Eden. As such, Defendants' acts are a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.3   The violations by Defendants have been willful and deliberate. Defendants' acts as alleged herein are repetitive, tend to falsely and deceptively create the impression that Defendants' products and services are associated with, sponsored by, or approved by Plaintiff, and are likely to confuse the public as to the source of Defendants' products and services.

5.4   Plaintiff has suffered and continues to suffer harm as a direct and proximate result of the aforementioned acts of Defendants.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 15

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

5.5 By such activity, Defendants have caused, are causing and will continue to cause actual damage and irreparable injury and harm to Plaintiff's business, reputation and goodwill, unless such activity by Defendants is enjoined.

## VI.  THIRD CAUSE OF ACTION
### Trademark Dilution Under 15 U.S.C. § 1125(d)

6.1 Plaintiff incorporates by reference the allegations contained in Paragraphs 1.1–1.5, 2.1–2.2, 3.1–3.48, 4.1–4.14, and 5.1–5.5 above.

6.2 The EDEN Marks are famous marks entitled to protection against the Defendants' wrongful acts set out above, which are likely to cause dilution by blurring or dilution by tarnishment of the EDEN Marks.

6.3 Defendants' wrongful acts commenced after the EDEN Marks became famous.

6.4 By such activity, Defendants have caused, are causing and will continue to cause actual damage and irreparable injury and harm to Plaintiff's business, reputation and goodwill, unless such activity by Defendants is enjoined.

## VII.  FOURTH CAUSE OF ACTION
### Unfair and Deceptive Trade Practices Under State Law

7.1 Plaintiff incorporates by reference the allegations contained in Paragraphs 1.1–1.5, 2.1–2.2, 3.1–3.48, 4.1–4.14, 5.1–5.5, and 6.1–6.4 above.

7.2 Defendants' acts as alleged herein constitute unfair and deceptive trade practices under the common law and statutory laws of the State of Washington, including but not limited to RCW § 19.86.020, and/or the laws of other states in which Defendants' goods and services are advertised and/or provided.

7.3 Defendants' acts as alleged herein are repetitive, falsely and deceptively create the impression that Defendants' goods and services are associated with, sponsored by, or approved by Plaintiff, and are likely to confuse the public as to the source of Defendants' goods and services, and falsely create the impression that Defendant Eden's

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 16

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Organics is a certified organic foods handler, all of which adversely affect the public interest.

### VIII.  FIFTH CAUSE OF ACTION
### Unjust Enrichment

8.1    Plaintiff incorporates by reference the allegations contained in Paragraphs 1.1–1.5, 2.1–2.2, 3.1–3.48, 4.1–4.14, 5.1–5.5, 6.1–6.4, and 7.1–7.3 above.

8.2    Defendants' actions as described hereinabove have been committed with the purpose and effect of unjustly benefiting from Plaintiff's goodwill and reputation and for the purpose of giving Defendants' goods and services a marketability to which they are not entitled and to which they otherwise would not have in violation of state law, including without limitation, that of the State of Washington and/or other states in which Defendants' services are advertised and/or provided.

8.3    Defendants' actions as described hereinabove have resulted in and are likely to further result in, unjust enrichment of Defendants at the expense of Plaintiff, which is likely to continue unless Defendants' conduct is enjoined.

### IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eden Foods, Inc. respectfully requests the following relief:

A.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys and those persons in active concert or participation with them be preliminarily and permanently restrained and enjoined from: (i) any and all further use of the EDEN Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs; and (ii) all claims regarding the distribution of "organic" foods without proper certification;

B.    That Defendants file a sworn statement per 15 U.S.C. § 1116(a) setting forth in detail the manner in which the Defendants have complied with the injunction of subparagraph (a)(i) within the time frame set forth in the statute;

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
DECEPTIVE TRADE PRACTICES  (No. _____) –
Page 17

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

    C.    That Plaintiff recover such actual damages sustained in such sums as shall be hereafter proven and assessed together with interest thereon, trebled in accordance with federal and/or state law;

    D.    That Plaintiff recover exemplary damages in an amount to be determined at trial;

    E.    That Defendants account to Plaintiff for their sales and profits on services provided through or by means of the EDEN Marks;

    F.    That all papers, documents, advertising materials, signs and any or all other materials utilizing the EDEN Marks be destroyed or delivered to the Court for destruction;

    G.    That the costs of this action, including a reasonable attorneys' fee for Plaintiff's attorneys, be taxed against Defendants; and

    H.    That the Court grants such other and further relief as it may deem just and proper.

## X.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable herein.

DATED this 22nd day of December, 2010.

          McNAUL EBEL NAWROT & HELGREN PLLC

          By:  s/Jerry R. McNaul
               Jerry R. McNaul, WSBA No. 1306

          600 University Street, Suite 2700
          Seattle, Washington  98101
          Telephone (206) 467-1816
          Facsimile (206) 624-5128
          jmcnaul@mcnaul.com

          Attorneys for Plaintiff

COMPLAINT FOR TRADEMARK INFRINGEMENT AND DECEPTIVE TRADE PRACTICES  (No. _____) – Page 18

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

| | |
|---|---|
| 1 | Of Counsel (Pro Hac Vice applications to be submitted): |
| 2 | J. Timothy Hobbs |
|   | Christopher Kelly |
| 3 | Jennifer L. Elgin |
|   | Kimberly L. Sikora Panza |
| 4 | WILEY REIN LLP |
|   | 1776 K Street N.W. |
| 5 | Washington, D.C.  20006 |
|   | Telephone (202) 719-7000 |
| 6 | Facsimile (202) 719-7049 |
|   | thobbs@wileyrein.com |
| 7 | ckelly@wileyrein.com |
|   | jelgin@wileyrein.com |
| 8 | ksikorapanza@wileyrein.com |

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
DECEPTIVE TRADE PRACTICES  (No. _____) –
Page 19

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

28jr-001 wl202807 12/22/10